THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Frank Lawson, Appellant,
 
 
 
 
 

v.

 
 
 
 
 South Carolina Department
 of Corrections, Respondent.
 
 
 
 
 

Appeal From Administrative Law Court
 John D. Geathers, Administrative Law Court
Judge

Unpublished Opinion No. 2010-UP-483
 Submitted October 1, 2010  Filed November
4, 2010    

AFFIRMED

 
 
 
 Frank Lawson, pro se, for Appellant.
 Christopher D. Florian, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Frank
 Lawson appeals an order of the Administrative Law Court (ALC) affirming the South
 Carolina Department of Corrections's (the Department) determination he violated
 its disciplinary code by refusing or failing to obey orders.  On appeal, Lawson
 argues the ALC (1) erred in finding substantial evidence supported the
 Department's determination and (2) violated his right to due process because
 its determination is based on insufficient evidence.  Because substantial
 evidence supports the ALC's decision, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C.
 Code Ann. § 1-23-610(B) (Supp. 2009) (providing this court may not substitute
 "its judgment for the judgment of the [ALC] as to the weight of the
 evidence on questions of fact"); § 1-23-610(B)(e) (providing this court
 will reverse the ALC's decision if "the substantive rights of the petitioner have been prejudiced because the
 finding, conclusion, or decision is . . . clearly erroneous in view of the
 reliable, probative, and substantial evidence on the whole record").[2]
AFFIRMED.
SHORT, THOMAS, and
 LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Because substantial evidence supports Lawson's
 disciplinary conviction, we need not reach his due process argument.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518
 S.E.2d 591, 598 (1999) (finding an appellate
 court need not discuss remaining issues when disposition of a prior issue is
 dispositive).